UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLIE C.,

    Plaintiff,

v.

                                         Hon. Jane M. Beckering

COMMISSIONER OF SOCIAL SECURITY,      Case No. 1:24-cv-1217

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it is not supported by substantial evidence.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **affimed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff filed applications for DIB and SSI on November 26, 2021, alleging that she became disabled as of July 1, 2021, due to hypertension, diabetes mellitus-type 2, asthma, anxiety, gastroesophageal reflux disease, arthritis (both feet, both hands), depression, and migraine headaches. (PageID.83–84, 106–07, 258–67, 271–72.) Plaintiff was 51 years old on her alleged onset date and at the time she filed her applications. (PageID.83.) She had earned a high school

2

diploma and had past work as a bench assembler, a flagger, a janitor, and a machine feeder. (PageID.50, 306–07.) Plaintiff's application was denied initially and on reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ).

On February 6, 2024, ALJ Paul W. Jones held a hearing and received testimony from Plaintiff and impartial vocational expert (VE) Dewey Franklin. (PageID.58–81.) On March 29, 2024, ALJ Jones issued a written decision finding that Plaintiff was not disabled from her alleged onset date through the date of decision. (PageID.37–52.) The Appeals Council denied Plaintiff's request for review on October 7, 2024. (PageID.21–23.)  ALJ Jones's ruling thus became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on November 15, 2024.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the insured status requirements of the Act through December 31, 2023, and the non-disability requirements for disabled widow's benefit set forth in section 202(e) of the Act, and had not engaged in substantial gainful activity since her alleged onset date of July 1, 2021, the ALJ found that Plaintiff suffered from severe impairments of depression, anxiety, and posttraumatic stress disorder. (PageID.39.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.43–44.) The ALJ considered listings 12.04 (Depressive, Bipolar, and Related Disorders), 12.06 (Anxiety and Obsessive-Compulsive Disorders), and 12.15

(Trauma and Stressor-Related Disorders). In applying these listings, the ALJ considered the "paragraph B" criteria that address four broad areas of mental functioning. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ found that Plaintiff had mild limitations in the areas of understanding, remembering, or applying information and adapting or managing oneself and moderate limitations in the areas of interacting with others and concentrating, persisting, or maintaining pace. (PageID.43–44.)

The ALJ then found that Plaintiff retained the RFC to perform "simple, routine, repetitive work; with only occasional supervisor and public interaction." (PageID.44.) At step four, the ALJ determined that Plaintiff was able to perform her past relevant work of janitor, machine feeder, bench assembler, and flagger. (PageID.50–51.) Alternatively, the ALJ found that based on testimony from the VE, Plaintiff was able to perform three additional jobs existing in the national economy, including industrial cleaner, warehouse worker, and salvage worker, approximately 1,145,000 of which existed in the national economy. (PageID.51–52.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Therefore, the ALJ concluded that Plaintiff was not disabled.

## **DISCUSSION**

Plaintiff raises two issues in her appeal: (1) the ALJ failed to reconcile his mental findings in the paragraph "B" criteria at steps two and three of the sequential evaluation process with the mental limitations assessed in the RFC which she ultimately adopted, and the discrepancy was not explained; and (2) the ALJ violated 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), by rejecting key portions of the opinion of agency psychologist Jonathon D. Shy, Ph.D., without adequate explanation and without properly discussing the regulatory factors of supportability and consistency. (ECF No. 13 at PageID.1207.)

5

**I.     ALJ's RFC Finding**

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* SSR 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). "An RFC is an 'administrative finding,' and the final responsibility for determining an individual's RFC is reserved to the Commissioner." *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442 (6th Cir. 2017). In determining a claimant's RFC, the ALJ considers medical source statements and all other evidence of record. 20 C.F.R. §§ 404.1545(a)(3) and 416.945(a)(3). While the ALJ makes the RFC determination, that determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012).

The regulation set forth in 20 C.F.R. §§ 404.1520a and 416.920a "requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the 'paragraph B' and 'paragraph C' criteria of the adult mental disorders listings." SSR 96-8P, 1996 WL 374184, at *4. These findings, which examine four broad areas of functioning, are used to rate the severity of the claimant's mental impairment(s) at steps two and three of the sequential evaluation process. *Id.* As set forth above, at step three,[2] the ALJ found that Plaintiff had mild limitations in the areas of understanding, remembering, or applying information and adapting and managing oneself and moderate limitations in the areas of interacting with others and concentrating, persisting, or maintaining pace.

---

[2] Plaintiff erroneously suggests in her statement of errors and brief that the ALJ made paragraph B findings at step 2 as well as step 3. (ECF No. 13 at PageID.1207, 1217.)

6

Plaintiff contends that the ALJ erred in three respects by failing to explain "the conflict" between his paragraph B findings and his RFC finding. First, she contends that in spite of the ALJ's finding of moderate limitation in the area of concentrating, persisting, and maintaining pace, the ALJ failed to include any limitation addressing this area. Second, in spite of the ALJ's finding of a moderate limitation in interacting with others, the ALJ found that Plaintiff can interact with the public for up to one-third of the workday. Finally, Plaintiff contends that in spite of the ALJ's finding of mild limitation in ability to adapt or manage oneself, the ALJ failed to include any limitation in this area. (*Id.* at PageID.1216.)

The ALJ's paragraph B findings do not conflict with his RFC finding. To the extent that Plaintiff asserts that the ALJ's RFC finding was required to mirror his step-three findings, the argument lacks merit. As the ALJ explained in his decision, paragraph B findings are not an RFC assessment because "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment of the areas of mental functioning." (PageID.44.) *See* SSR 96-8p, 1996 WL 374184, at *4. In other words, an ALJ is not required to include a paragraph B finding as part of his RFC determination. *Vaughan v. Comm'r of Soc. Sec.*, No. 1:13-cv-1266, 2015 WL 5691003, at *5 (W.D. Mich. Sept. 28, 2015); *Fellows v. Comm'r of Soc. Sec.*, No. 1:14-cv-506, 2015 WL 4134699, at *6 (W.D. Mich. July 8, 2015). Thus, "a [moderate] limitation is not synonymous with a specific functional restriction or RFC." *Haggard v. Berryhill*, No. 3:17-CV-99, 2018 WL 6003862, at *8 (E.D. Tenn. Nov. 15, 2018); *see also Pinkard v. Comm'r of Soc. Sec. Admin.*, No. 1:13-cv-1339, 2014 WL 3389206, at *10 (N.D. Ohio July 9, 2014) ("Hence, the ALJ was correct in finding that Plaintiff had moderate limitations in evaluating her mental impairment under the listings at step three of the sequential evaluation process, and in not including a 'moderate limitation in concentration, persistence, and pace' in his

7

residual functional capacity finding at steps four and five. At step four of the sequential evaluation process, the ALJ correctly considered the effect of Plaintiff's symptoms on her concentration, persistence, and pace when he allowed Plaintiff to be off task five percent of the time.").

In evaluating Plaintiff's RFC, the ALJ appropriately considered the evidence as a whole, including Plaintiff's allegations that her mental impairments limit her ability "to concentrate, remember, complete tasks, maintain work pace, maintain work attendance, and handle stress." (PageID.45.) The ALJ also discussed Plaintiff's treatment records reflecting mostly normal mental status examinations showing that Plaintiff "presented as alert, oriented, calm, cooperative, pleasant and well-groomed with normal affect, normal mood, normal behavior, good eye contact, normal speech, logical thought processes, appropriate concentration, [and] normal judgment." (PageID.46–47.) For example, during a September 2021 visit with her primary care physician, Plaintiff denied any active symptoms of depression, and the doctor noted that she appeared alert and oriented with normal mood and affect. (PageID.437.) A record from a January 2022 emergency room visit for abdominal pain indicated that Plaintiff was alert with normal mood and affect, speech, behavior, cognition, and memory. (PageID.532–34.) During a March 2022 appointment with her primary care physician, although Plaintiff reported symptoms of her depression, the doctor observed that Plaintiff appeared alert and oriented, with normal mood and affect. The doctor increased her Effexor dose and recommended that she follow up with a counselor, but she apparently never did. (PageID.45, 454–55.) In December 2023, Plaintiff reported difficulties concentrating and interacting with others. However, her doctor noted that "[t]his has been improving and last visit with us we even [had] plans to decrease her depression medication." (PageID.1186.) The ALJ also considered Plaintiff's reported daily activities of driving, preparing meals, washing dishes, housecleaning, doing laundry, caring for her personal

hygiene, using a cell phone, managing her own money, spending time with her family and friends, speaking with others on the phone, exchanging text messages with others, reading, and watching television, many of which, the ALJ observed, "require a fair degree of concentration, persistence, and pace." (PageID.44, 47.) Finally, the ALJ considered the opinion evidence, including the prior administrative findings of State agency psychologists Alvin Smith, Ph.D., and Colin King, Ph.D., whose opinions he found persuasive as to Plaintiff's moderate limitations in the areas of interacting with others and concentrating, persisting, and maintaining pace. (PageID.48.) Likewise, the ALJ found the opinions of psychological consultative examiner Jonathan Shy, Ph. D., persuasive regarding moderate limitations in Plaintiff's abilities to concentrate, persist, and maintain pace and interact with others. (PageID.47–48.)

Contrary to Plaintiff's argument, the ALJ addressed Plaintiff's moderate limitation in concentrating, persisting, and maintaining pace in his RFC finding by limiting her to "simple, routine, repetitive work." (PageID.44.) Numerous cases from the Sixth Circuit, as well as from this district, have held that limitations similar to those the ALJ included in Plaintiff's RFC here adequately addressed the claimant's moderate limitations in concentration, persistence, or maintaining pace. *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 437 (6th Cir. 2014) (concluding that a "limitation to simple, routine, and repetitive tasks" adequately accounted for the plaintiff's "moderately-limited ability 'to maintain attention and concentration for extended periods'"); *Wood v. Comm'r of Soc. Sec.*, No. 19-1560, 2020 WL 618536, at *2–4 (6th Cir. Jan. 31, 2020) (RFC limitation to "performing simple and routine tasks" was not inconsistent with ALJ's step three finding that the plaintiff had moderate limitations in concentration, persistence, and pace because the plaintiff failed to show that the evidence warranted additional limitations); *Farmer v. Comm'r of Soc. Sec.*, No. 1:20-cv-562, 2022 WL 2526946, at *3–4 (W.D. Mich. July

9

7, 2022) (additional limitations not warranted as limitation to "simple, routine, repetitive work" fully accounted for moderate limitations in concentrating, persisting, or maintaining pace); *Johnson v. Comm'r of Soc. Sec.*, No. 1:19-cv-1024, 2021 WL 1085006, at *3, 5–6 (W.D. Mich. Mar. 22, 2021) (limitation to "simple, routine and repetitive tasks" and "simple work-related decisions with normal break[s]" properly accounted for the plaintiff's moderate mental limitations); *Potter v. Comm'r of Soc. Sec.*, No. 1:19-cv-837, 2021 WL 1049871, at *4–5 (W.D. Mich. Mar. 19, 2021) (the ALJ's finding that the plaintiff could "perform simple, routine, repetitive tasks" adequately addressed her moderate limitations in concentrating, persisting, and maintaining pace); *Hycoop v. Comm'r of Soc. Sec.*, No. 1:15-CV-795, 2016 WL 4500794, at *3 (W.D. Mich. Aug. 29, 2016) ("[T]he ALJ found that Plaintiff had only moderate limitations with regard to concentration, persistence or pace. Such limitations could be accommodated by performing 'simple, routine work.'" (record citation omitted)). Plaintiff fails to show that any additional limitation is warranted in this area.

As for interacting with others, the ALJ translated Plaintiff's moderate limitation into "only occasional supervisor and public interaction," consistent with Dr. King's opinion on reconsideration. (PageID.48, 161.) This limitation properly accounted for Plaintiff's moderate limitation in interacting with others. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (noting that the ALJ accounted for the plaintiff's moderate limitation in his ability to interact with the public by limiting him to "occasional interaction with the public"); *Cummings v. Comm'r of Soc. Sec.*, No. 3:24-CV-1368, 2025 WL 1949499, at *13 (N.D. Ohio July 16, 2025) (affirming the ALJ's decision that "accounted for [the claimant's] moderate limitations in interacting with others by limiting her to 'occasional interaction with the public, coworkers, and supervisors.'"); *Bryan v. Comm'r of Soc. Sec.*, No. 2:18-cv-554, 2019 WL 2912089, at *3-4 (S.D.

Ohio July 8, 2019) (affirming the ALJ's decision where the plaintiff had moderate limitations in interacting with others and the ALJ limited the RFC to occasional interactions with others); *Beemer v. Comm'r of Soc. Sec.*, No. 1:14-cv-678, 2015 WL 4546520, at *6 (W.D. Mich. July 28, 2015) ("[T]he Court finds no inconsistency between the doctor's opinion that plaintiff had . . . moderate limitations related to interacting with others . . . and the ALJ's RFC, which limited plaintiff 'to simple, routine, and repetitive tasks' and 'occasional interaction with coworkers, supervisors, and the public[.]'"). Plaintiff fails to show that she was more limited in interacting with the public than the ALJ found.

Last, the ALJ was not required to include a limitation in his RFC finding to account for Plaintiff's mild limitation in adapting or managing oneself. The ALJ's decision shows that he fully considered the extent of Plaintiff's limitation due to her impairments, specifically her depression, anxiety, and posttraumatic stress disorder, and found that the limitations in his RFC finding accounted for her work limitations. (PageID.50.) In fact, the ALJ found that Plaintiff has no "significant limitation in this area." (PageID.44.) This determination is supported by substantial evidence. *See Webb v. Comm'r of Soc. Sec.*, No. 1:20-cv-1206, 2022 WL 4545508, at *8 (W.D. Mich. Sept. 29, 2022). Thus, Plaintiff fails to meet her burden of showing that she is more limited than what the RFC assessed. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("Plaintiff has the ultimate burden of establishing the existence of a disability.").

## II. Opinion Evidence

The ALJ evaluated the medical opinions pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under that regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). Instead, an

11

ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. §§ 404.1520c(b)(1) and 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1520c(c)(1)–(5) and 416.920c(c)(1)–(5). In general, the ALJ must explain his or her consideration of the supportability and consistency factors, but is not required to explain how the remaining factors were considered. 20 C.F.R. §§ 404.l520c(b)(2) and (3) and 416.920c(b)(2) and (3). The regulations explain "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2) and 416.920c(c)(1)–2.

Plaintiff contends that the ALJ erred in evaluating the opinion of consultative examiner Jonathon Shy, Ph.D., who conducted a psychiatric/psychological examination of Plaintiff on April 5, 2023. (PageID.1139–42.). The ALJ summarized Dr. Shy's evaluation as follows:

> In April 2023, claimant attended a psychological consultative examination with Jonathon Shy, Ph.D. At this evaluation, claimant reported experiencing symptoms of depression, anxiety, and posttraumatic stress disorder (PTSD) due to being molested as a child. Despite this history, claimant acknowledged that "she has not been in treatment for years." Claimant also denied any history of being psychiatrically hospitalized. Dr. Shy noted that claimant demonstrated diminished memory, 1 math calculation error, and variable insight, but observed that she remained oriented, cooperative, and pleasant with full range of affect, appropriate grooming, normal speech, logical thought processes, appropriate concentration, no significant anxiety, and no suicidal ideation. Ultimately, Dr. Shy diagnosed claimant with major depressive disorder and PTSD (Ex. 7F).

12

(PageID.46.) The ALJ later evaluated Dr. Shy's opinion as follows:

> After his April 2023 psychological consultative examination, Dr. Shy suggested that claimant had moderate limitations in her abilities to understand, remember, and apply complex information; interact with others; concentrate, persist, and maintain pace; and adapt or manage herself. Dr. Shy also noted that claimant had no limitations in her abilities to understand, remember, and apply simple information (Ex. 7F).
>
> Dr. Shy's opinion is partially persuasive because his conclusions regarding claimant's abilities to interact with others and to concentrate, persist, and maintain pace are consistent with the medical evidence and the record as a whole, including claimant's history of mental health treatment, the mental status examination findings, claimant's medication regimen, and claimant's reported activities of daily living, as detailed above. Furthermore, Dr. Shy is an impartial psychological expert who had an opportunity to examine claimant in person prior to providing his opinion, and his examination findings and narrative statements support these conclusions. In not finding Dr. Shy's opinion more persuasive, I note that his conclusions regarding claimant's abilities to understand, remember, and apply information, and to adapt or manage herself, are inconsistent with the medical evidence and the record as a whole, which does not contain sufficient evidence of treatment reports or mental status examination abnormalities to provide a corroborative basis for such restrictions.

(PageID.47–48.)

Plaintiff contends that the ALJ failed to comply with the regulation because his discussion as to Dr. Shy's opined moderate limitations in abilities to understand, remember, and apply information and to adapt and manage herself does not adequately address either supportability or consistency. More specifically, Plaintiff contends that the analysis regarding the consistency factor is too conclusory to permit review of whether the ALJ's evaluation is supported by substantial evidence. Plaintiff further contends that the ALJ wholly failed to articulate his consideration of the supportability factor with regard to these areas of functioning. (ECF No. 13 at PageID.1221–22.) Last, Plaintiff contends that the ALJ's error was not harmless because the VE testified that being off-task ten percent of the workday and/or missing more than one day per month on a regular and ongoing basis would be work preclusive. (*Id.* at pageID.1222–23.)

13

Defendant responds that the ALJ properly evaluated Dr. Shy's opinion as to the limitations at issue because, as to consistency, his rationale is illuminated by his earlier RFC discussion noting that Effexor was effective in treating Plaintiff's symptoms, her mental status examinations by doctors other than Dr. Shy were almost entirely normal, including no memory deficits, and Plaintiff engaged in a wide range of activities. (ECF No. 14 at PageID.1236.) Defendant further contends that the ALJ's observation that Dr. Shy's opinions were supported by "his examination findings and narrative statements"—referring to Dr. Shy's previously-discussed notes that Plaintiff had one calculation error in performing a serial 7's sequence and demonstrated variable insight—satisfied the regulation's required articulation of the supportability factor. Defendant asserts that pursuant to 20 C.F.R. §§ 404.1520c(b)(1), 416.92c(b)(1), the ALJ was not required to address supportability and consistency for each of Dr. Shy's individual opinions. (*Id.* at PageID.1237.) Finally, Defendant contends that Plaintiff fails to identify any specific restriction Dr. Shy opined that can be incorporated into an RFC finding. (*Id.*)

In applying the regulation, "the ALJ must explain h[is] conclusions enough for a reviewing court to trace the path of h[is] reasoning." *Whalen v. Comm'r of Soc. Sec.*, No. 1:24-CV-1928, 2025 WL 1452713, at *12 (N.D. Ohio May 21, 2025), *report and recommendation adopted*, 2025 WL 1756524 (N.D. Ohio June 25, 2025) (citing *Russell v. Comm'r of Soc. Sec. Admin.*, No. 1:23-CV-1748, 2024 WL 3638702, at *19 (N.D. Ohio Aug. 2, 2024)). The regulations do not require "a specific level of detail" from an ALJ. *Timothy B. v. Comm'r of Soc. Sec.*, No. 2:22-cv-3834, 2023 WL 3764304, at *7 (S.D. Ohio June 1, 2023) (internal quotation marks omitted). Rather, "the appropriate level of articulation will necessarily depend on the unique circumstances of each claim." *Id.* (internal quotation marks omitted). Still, the regulation requires a "minimum level of articulation," the absence of which "frustrates this court's ability to determine whether [the ALJ's]

disability determination was supported by substantial evidence." *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495, 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021).

Here, the ALJ failed sufficiently to articulate his consideration of the supportability and consistency factors to allow a reviewing court to trace the path of his reasoning. As to consistency, the ALJ's references to "the medical evidence and the record as a whole," as well as the lack of "sufficient evidence of treatment reports or mental status abnormalities to provide a corroborative basis for such restrictions," do not explain the ALJ's rationale. For example, the ALJ said that Dr. Shy's opinion regarding moderate limitations in the areas of interacting with others and concentrating, persisting, and maintaining pace was consistent with Plaintiff's "history of mental health treatment, the mental status examination findings, [her] medication regimen, and [her] reported activities of daily living" (PageID.47–48), but he failed to explain what about these same considerations was inconsistent with Dr. Shy's other opined moderate limitations. While it is true, as Defendant argues, that a court is permitted to look elsewhere in a decision for an ALJ's support for his rationale, *see Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 440 (6th Cir. 2012) ("So long as the ALJ's decision adequately explains and justifies its determination as a whole, it satisfies the necessary requirements to survive this court's review."), the ALJ still failed to provide a readily discernable basis for his finding. Similarly, even though one could surmise that the ALJ found Dr. Shy's opinion unsupported by his examination findings and narrative statements as to these areas of functioning, the ALJ did not say so. Defendant's reliance on 20 C.F.R. §§ 404.1520c)(b)(1) and 416.920c(b)(1) is unpersuasive because this provision applies only when a medical source submits multiple medical opinions. Here, Dr. Shy provided only one opinion. (PageID.1139–42.) *See Lindsey v. Comm'r of Soc. Sec.*, No. 3:20cv1127, 2021 WL 4472211, at *2 (N.D. Ohio Sept. 30,

2021) (holding that 20 C.F.R. § 404.1520c(b)(1) did not apply because the claimant's treating psychiatrist "submitted only a single medical source statement").

      Notwithstanding the ALJ's failure to comply with the regulation, the ALJ's error may not necessitate remand if it was harmless. "[A]n agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Connor v. U.S. Civil Serv. Comm'n*, 721 F.2d 1054, 1056–57 (6th Cir. 1983); *see also American Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 539 (1970) (holding that the agency's failure to follow its own regulations did not require reversal absent a showing of substantial prejudice by the affected party). Here, Plaintiff fails to show how she was prejudiced by the ALJ's failure to comply with the regulation. Specifically, Plaintiff fails to identify any functional limitation Dr. Shy supported that the ALJ did not include in his RFC finding. *See Tracy F. v. Comm'r of Soc. Sec.*, No. 2:23-CV-188, 2023 WL 8614065, at *7 (S.D. Ohio Dec. 13, 2023), *report and recommendation adopted*, 2024 WL 689322 (S.D. Ohio Feb. 20, 2024) ("In the absence of identifying any specific limitation that Dr. Rowland supported that the ALJ omitted, Plaintiff can show no prejudice even if the ALJ's articulation of the 'supportability' and 'consistency' factor was overly cursory."). Plaintiff mentions limitations of being off-task ten percent of the workday and missing more than one day per month on a regular and ongoing basis, but these are not Dr. Shy's opined limitations. Rather, these are limitations from Plaintiff's treating provider, Dr. Schafer (PageID.1191), whose opinion the ALJ found unpersuasive. (PageID.49.) Because Plaintiff does not challenge this determination on appeal, she fails to demonstrate any prejudice warranting remand, especially because no other medical source supported these limitations. *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)

16

(recognizing that the harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality"). Therefore, this argument lacks merit.

## CONCLUSION

For the foregoing reasons, I recommend that the Commissioner's decision be **affirmed**.

Dated: November 14, 2025             /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).