UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLIE J. CATEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:24-cv-1217

HON. JANE M. BECKERING

## **OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration.  42 U.S.C. § 405(g).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits and Social Security Income under Titles II and XVI of the Social Security Act.  The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation.  Defendant did not file a response to the objections.  In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

As the Magistrate Judge stated, the scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision (R&R, ECF No. 16 at PagID.1247, citing *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir.

1989), and *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). Substantial evidence is more than a scintilla but less than a preponderance (*id.*, citing *Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992)). The standard contemplates a zone within which the decision maker can properly rule either way without judicial interference (*id.*). With this standard in mind, the Court turns to Plaintiff's objections to the Magistrate Judge's recommendations.

   ***Residual Functional Capacity ("RFC").*** On appeal, Plaintiff argued that the Administrative Law Judge ("ALJ") failed to reconcile his mental findings in the paragraph "B" criteria at steps two and three of the sequential evaluation process with the mental limitations assessed in the RFC that was ultimately adopted, and the discrepancy was not explained (ECF No. 13 at PageID.1207). The Magistrate Judge rejected this argument. In her objection, Plaintiff contends that the Magistrate Judge improperly "focus[sed] on the substantial evidence test" to the exclusion of recognizing the ALJ's legal error in failing to comply with the requirement to provide detailed analysis to determine what impact the mental impairments have on the RFC determination (ECF No. 17 at PageID.1264–1265). Plaintiff's objection is misplaced. The Magistrate Judge thoroughly considered Plaintiff's argument on appeal. In pertinent part, the Magistrate Judge determined that in evaluating Plaintiff's RFC, the ALJ (a) addressed Plaintiff's moderate limitation in concentrating, persisting, and maintaining pace in his RFC finding by limiting her to "simple, routine, repetitive work"; (b) translated Plaintiff's moderate limitation for interacting with other into "only occasional supervisor and public interaction"; and (c) was not required to include a limitation in his RFC finding to account for Plaintiff's mild limitation in adapting or managing oneself, and in fact, found that Plaintiff has no "significant limitation in this area" (R&R, ECF No. 16 at PageID.1253–1256). Plaintiff's objection is therefore properly denied.

***Evaluation of Agency Psychologist Testimony.***  Plaintiff's second argument on appeal was that the ALJ erred in rejecting key portions of the opinion of agency psychologist Jonathon D. Shy, Ph.D., without adequate explanation and without properly discussing the regulatory factors of supportability and consistency (ECF No. 13 at PageID.1207).  The Magistrate Judge agreed with Plaintiff that the ALJ "failed to provide a readily discernable basis for his finding," but the Magistrate Judge found that the error was harmless where Plaintiff had failed to identify any functional limitation that Dr. Shy supported that the ALJ did not include in his RFC finding (R&R, ECF No. 16 at PageID.1260–1261).  In her objection, Plaintiff merely asserts that she pointed to limitations in all of the areas of mental functioning that Dr. Shy assessed (ECF No. 17 at PageID.1267–1268).  Plaintiff's objection is again misplaced.  As set forth above, the ALJ adequately addressed the mental limitations in his RFC finding.  Therefore, Plaintiff's second objection is also properly denied.

In sum, Plaintiff's objections lack merit, and the Report and Recommendation is properly adopted as the Opinion of the Court.  For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Objections (ECF No. 17) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 16) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.

Dated:  December 9, 2025              /s/ Jane M. Beckering
                                                               JANE M. BECKERING
                                                               United States District Judge